Good morning, Your Honors. Tina Long-Rippey, I represent Mr. Kizzee on the calendar this morning, and I will be the first to go and take my ten minutes. So you're wanting to share time? Yes. We'll try to help you. You've got ten minutes, you've got ten minutes, but if you can keep your eye on your little clock there, too, that would be great, because it will go down to ten, and when it gets to ten, you're eating his time. Okay. Thank you, Your Honors. I'll try to be brief. I think this case is quite simple. We've got two issues before you this morning. One is the Booker claim that is unpreserved at the district court. Mr. Fletcher, you know that you came out with a very nice decision in the M-Line 3 last week, so... Do you wish to pursue resentencing? We do wish to pursue resentencing. Okay. So under the M-Line procedure, you wish to pursue. Okay. Yes. And we – I believe that it just needs to go back, that there's no real question that this Court needs to answer with regard to the plain error review. I think M-Line tells us what to do. So long as we understand that that's what you want to do, that M-Line tells us what to do, I think. That's it. Yeah. Okay. Unless the Court has any questions on the wiretap issue, I will reserve the rest of my time for rebuttal, if need be. Well, where did Judge Feist make a mistake? I mean, these are very detailed orders. Well... Where do you think he went off the track? My brief sets out several instances where Mr. Kizzee believed that there were serious misstatements in the wiretap application, and that if you purge those misstatements then you're left with a very thinly – a thin application that does not meet the burden of proof or the burden under the law with necessity requirements. And my brief sets out some of – all of those that have come up, those misstatements of that. Okay. We'll just take another look at your brief then. Thanks. Okay. Thank you, Mr. Kizzee. You wish to pursue resentencing? I'm sorry? I have to confess, I must be one of the Americans with a disability. I'm having trouble hearing. Do you wish to pursue resentencing? Yes, we do. Okay. And I'll also confess that I wasn't able to understand the comments the court made earlier to Ms. Rippey when she first came up to us. I hope I don't do something that's contrary to what she said. That's all right. We're doing fine. Okay. As far as the suppression motion of the electronic surveillance issue, I'm prepared to submit on that. I think it's been well-briefed, especially by Ms. Rippey and the U.S. Attorney's Office. Unless the Court has further questions about that, I'd like to talk about the remand issue for the resentencing. Well, you know, I'm not sure the resentencing issue is very complicated. Once the Court has decided Ammaline, it tells us what to do. If you wish to pursue resentencing, I think Ammaline tells us what to do. I'm concerned that the Court might decide, well, just send it back down to the district court and ask the district court, would you have given a different sentence? That's exactly what Ammaline says we're supposed to do. Unless the record indicates that, at least as I read Ammaline, which I read the last few days, if the record shows that the Court would have imposed a different sentence, then you don't have to send back to ask that question because the record already discloses the answer. And I think that this record does disclose that the judge was troubled by the sentence that he was imposing. And looking especially at page 305 of the excerpt of record, we're talking about what is the appropriate sentence under the guidelines, not what an appropriate sentence really should be. I don't agree with the guidelines, and I think I've made that clear on many occasions, but that's not for me to say. My job is to apply them. As I read that, this judge, as he was getting ready to impose a 30-year sentence on Mr. Rodriguez, was saying, if I didn't have to do that because of the guidelines, I would not do that. Well, and if that's what he meant, he has every opportunity to tell us that or to act on that. Why are you afraid of him if you say this is what he believes? I am concerned about this. This judge said this almost two years ago. When he gets this back on a remand for the limited purpose of will he do a different sentence, is he really going to remember this case? I mean, judges are busy, and this judge is probably going to remember it. Judge Fease will remember the case. Well, I'm asking you to not remand limitedly. I'm asking you to remand to vacate the sentence and send it back for a full evidentiary hearing. That's my request. But I just make requests. Okay. Thank you. May it please the Court, Fred Rowley, Jr., for the government. Quickly on the sentencing issues. The government hasn't decided whether it's going to seek further review of Ameline. That's something that the Department of Justice is going to need to figure out. What's the Rodriguez case up to? I believe that – I don't know if cert's been taken on Rodriguez. No, it's been asked for. That's right. And we acquiesced in cert. And so that's the real question, is whether we will seek review of Ameline together with Rodriguez. But I don't think that really matters for this case, because given the remark that Judge Fease made at the Rodriguez sentencing, I think that under either standard, the case would probably have to go back. So I've consulted with my supervisors, and the government agrees that the case probably ought to go back for the limited remand that's contemplated in Ameline. Okay. Now, with respect to Defendant Kizzee, I think it's a little bit of a closer case, because the district court clearly believed that all of the enhancements were supported and gave no indication that it would impose a different sentence apart from the guidelines. But given that Rodriguez probably has to go back, it makes sense to send Rodriguez and Kizzee back for the limited Ameline remand. Didn't both get a sentence at the low end of the guideline range? Yes, Your Honor. And not only that, Judge Fease clearly thought of these two defendants as being similarly situated. I believe in rejecting the downward departure for disparate sentencing. As to Defendant Kizzee, Judge Fease actually compared Rodriguez and Kizzee, so it makes sense to send them both back for that limited remand. And whether it makes sense or not, Ameline says something like that's going to happen. True, Your Honor. But the government, in other cases, may seek a stay pending its decision to seek further. I see. And you're telling us you're not seeking a stay, nothing? That's right, Your Honor. Okay. In this case, we think it's appropriate to do the limited remand if the court sees fit. As to the wiretap issues, with respect to Defendant Kizzee's claim, and it's really a Blackmon claim, the government does not believe that Blackmon controls here because the follow-up affidavit that targeted Kizzee was not a copycat of the initial wiretap application. It gave a specific reason or specific reasons for targeting Kizzee, updated all the information on probable cause at the time the government sought the wiretap against Kizzee, and also updated the information about each of the methods that the government had either considered or attempted and failed to use in conducting its investigation. And so Blackmon is not opposite here because, in that case, the government essentially had a copycat affidavit of the initial wiretap affidavit. And as a result of that, some of the statements about the conventional methods that were true of Target 1 were not true of Target 2, and that's simply not the case here. And although there is some general language in the affidavit, as there often is, there were particularized explanations for many of the methods that the government had used in its more than a year-long investigation of these defendants before the government sought a wiretap application. Unless the Court has any further questions. Thank you. I wanted to make one point clear on the remand. Mr. Kizzee's case is a little bit different than Amaline in that what the judge did at sentencing on Mr. Kizzee was there was a special verdict that was decided by the jury in this case, and the special verdict said that Mr. Kizzee was guilty of at least 5 kilos. What the probation department did was it charged Mr. Kizzee with over 19 kilos, and that's the basis upon which the guidelines were decided by the judge. That issue itself would make it an illegal sentence under the Sixth Amendment. What Amaline, as I understand it, in my limited review of it since Sunday, what Amaline said is what Mr. Watley was discussing, in that if the record is clear on the appeal, that the judge may or may not have made a different sentence, had the judge known that the guidelines were advisory, then the Court can send it back for the limited remand. But my understanding is that if it's just an illegal sentence, this Court must not send it back for a limited remand, but must send it back for a full resentencing. And in Mr. Kizzee's case, this is an illegal sentence, given the fact that the jury verdict was different than what the Court used for the guideline calculations. And it's almost an eight-year difference is what it amounts to. I don't really, you know, that may not be illegal. The only thing that's illegal is doing this on a mandatory basis. Right. That's what's illegal. You know, the way the Supreme Court did this, that may not be illegal. So if the district judge goes down and apparently morphs into a different person and decides he wants a sentence on 19 kilos, that may not be illegal. I don't disagree with Your Honor on that particular point, but that's not what we have here. We have a pre-Booker mandatory following of the guidelines. And that's why it's going to get an amylene remand. I'm a little scared by that statement. Apparently you both are. It's actually going to work now. It's a new way of sentencing. Well, what it seems to me is that it's a limited remand to ask the judge, hey, judge, would you have taken, would you have done anything different had the guidelines been mandatory or been advisory versus mandatory? And I don't think that that's what we have here. So your statement that it's going to go back to your amyles. You don't think that's what we have here? What do you think we have here? I think we've got an illegal sentence under the Sixth Amendment. We don't just have one where the judge could have taken, done something different with mandatory versus advisory. I think you're wrong. I think the Supreme Court, in this strange world we have, has decided that these are things that it's like an, in a way, it's like an old system. The judge has discretion up to the statutory maximum. It's not entirely like the old system because the guidelines are still there. But. And I don't disagree with Your Honor about that point either. But in this particular case, if it gets sent back for a limited remand, I'm wondering if there isn't some prohibition on actually coming in with some of these other factors that the judges now can take into consideration for mitigating and aggravating factors. If it goes back for a limited remand, then what is the question? Is the question to the court, to the trial judge, gee, would you have had, would you have done anything different? If the trial judge says no, well, then that's it, isn't it? But that's not what we have in Mr. Kizzy's case. We don't have something where the trial judge can say no, yes or no. The trial judge just simply added on more drugs in a drug quantity calculation. So long as it's under the statutory maximum, this is the way it now works. So long as the judge substantiates the information that the judge is using and uses the normal way of deciding how many pounds or kilos of drugs are involved, that's what the defense bought. You got rid of the guidelines, and so now you get the old system. Hello, statutory maximum, that's the only thing that sits on top of the judge, plus the usual rules that go to determining what the sentences is within the minimum and maximum. In Mr. Kizzy's case, the mandatory, the guideline was eight years less than what the guideline was that the judge used. Guidelines, goodbye. I mean, it's just guidelines. Well, again, there's still advisory, right? And they still apply. Well, presumably when the remand judge is supposed to ask himself, okay, I understand the new world. I understand that the way we're solving a Sixth Amendment problem is by viewing the guidelines as advisory, and then he's supposed to think, is this what I would have done? And that's what he's supposed to do. Well, in Mr. Kizzy's case, what we have is we have the verdict that was found by the jury beyond a reasonable doubt, and that's what you start with. And maybe the judge will say, given an advisory system, I think I'll go with the jury. I don't know what the judge will say. That's why I was back. Okay. I think we understand your point. Thank you. You said you wished to pursue resentencing. Now you get it. Okay. Mr. Whatley? I'll submit it. Okay. Thank both of you, or I should say all three of you, for your useful arguments. The United States v. Rodriguez and Kizzy is now submitted for decision.
judges: Trott, W. Fletcher, Restani